**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CSX INSURANCE CO., *et al.*, | ) | |
|     Plaintiffs, | ) | |
| v. | ) | No. 07 CV 2738 |
| | ) | Judge Blanche M. Manning |
| PACIFIC RAIL SERVICES, LLC, | ) | |
|     Defendant, | ) | |

and

| | | |
|---|---|---|
| PACIFIC RAIL SERVICES, LLC, *et al.*, | ) | |
|     Plaintiffs, | ) | |
| v. | ) | No. 07 CV 4185 |
| | ) | Judge Blanche M. Manning |
| CSX INTERMODAL, INC., | ) | |
|     Defendant. | ) | |

**MEMORANDUM AND ORDER**

In these consolidated cases, the parties are attempting to establish liability stemming from a crane accident that killed the crane's operator, Warren Kubicek. Before the court are numerous motions in limine. The court previously issued orders on Pacific Rail's first motion in limine [98-1] and CSX's second motion in limine [78-1]. The court now resolves the remaining motions.

**CSX Insurance Co.'s Motions in Limine**
**07 CV 4185**

*Motion to Enforce August 20, 2008 Order [76-1]*

CSX seeks to bar evidence or argument offered to (i) contest Pacific Rail's liability for failing to obtain adequate insurance coverage as required under the parties' agreement, or (ii) establish that CSX must reimburse Pacific Rail for the costs incurred in defending CSX in a state court wrongful death proceeding. CSX contends that this court's August 20, 2008, order

granting CSX's motion for judgment on the pleadings determined that Pacific Rail is liable for breaching the agreement to obtain insurance and, given Pacific Rail's breach, under no set of circumstances is it entitled to reimbursement of state court defense costs.

**1.     Liability for Failing to Obtain Insurance Coverage**

In the August 20, 2008, order, the court determined only that Pacific Rail breached the parties' ageement to obtain insurance. It explicitly did not determine what damages flowed from that breach. Accordingly, the motion in limine is granted to the extent that any evidence or argument is offered to show that Pacific Rail did not breach the parties' agreement. However, because the court has not determined what damages were incurred, evidence of damages is not excluded.

**2.     Reimbursement of Defense Costs**

CSX's motion also seeks to exclude any evidence or argument that it must reimburse Pacific Rail for the defense costs Pacific Rail incurred on CSX's behalf in the state court wrongful death proceeding. As detailed in the court's August 20, 2008 order, an indemnification provision in the parties' agreement required Pacific Rail to pay for CSX's state court defense, but Pacific Rail has the right to be reimbursed if CSX was "finally determined judicially or through arbitration, or agreed by [CSX], that [CSX]'s negligence, gross negligence or other tortious conduct" caused Kubicek's accident. Life Services Agreement (attached to Complaint (R.1), Ex. 1) at ¶ 9.4.2.

According to CSX, whether it must reimburse Pacific Rail under the indemnification provision is irrelevant because Pacific Rail is also obligated to pay CSX's defense costs for a different reason. Specifically, CSX contends that Pacific Rail breached its obligation to purchase

insurance that would have covered defenses costs and, therefore owes CSX those defense costs as an element of damages for its breach. In support, CSX cites the following provision from the parties' agreement that obligated Pacific Rail to purchase insurance:

> commercial general liability insurance, naming CSXI as an additional insured, covering bodily injury and property damage, arising out of exposures not covered by other insurance coverages, with a coverage limit of not less than $5,000,000 per occurrence

Lift Services Agreement ¶ 9.1.2. However, the quoted provision contains no requirement that coverage would include defense costs and CSX's argument is therefore unsupported. Accordingly, the court has no reason to conclude, based upon the arguments in the motion in limine, that CSX's obligations under the indemnity provision are irrelevant and denies the motion to exclude evidence on that issue.

## Pacific Rail's Motions In Limine
## 07 CV 2738

### *Motion to Exclude Opinion Evidence from Lay Witnesses [99-1]*

In this motion, Pacific Rail seeks to bar CSX from presenting testimony from lay witnesses about the cause of the accident. The parties appear to agree that lay witnesses may not provide opinion testimony "based on scientific, technical, or other specialized knowledge." *See* Fed. R. Evid. 701. CSX appears to fear, however, that Pacific Rail is also attempting to exclude testimony from lay witnesses who are merely describing their observations at the time of the crane crash. In response, Pacific Rail contends that its motion in limine does not seek to exclude testimony about witnesses' observations at the time of the accident or at the scene of the accident.

The court agrees that Pacific Rail's motion in limine seeks to bar only opinion testimony of lay witnesses about the cause of the crane crash based on scientific, technical, or other specialized knowledge. Such testimony is inadmissible and, therefore, the motion is granted.

***Motion to Exclude Evidence of Prior Accidents [100-1]***

Pacific Rail has withdrawn this motion.

***Motion to Exclude Witnesses In Courtroom [101-1]***

The parties are in agreement on this motion and therefore the motion is granted as follows: witnesses are excluded from the courtroom until they have testified in full, however this order does not apply to expert witnesses or the parties' corporate representatives.

***Motion to Exclude Evidence of Mi-Jack Memo [102-1]***

CSX states that it does not intend to present any evidence, testimony, or questions at trial regarding the subject of this motion in limine, an interoffice memorandum between Mike Grace and Jerry Obler dated August 30, 1991. Accordingly, the motion to exclude such evidence is granted.

***Motion to Exclude Evidence Referring to Warren Kubicek as "Cowboy" [103-1]***

CSX states that it does not intend to present any evidence, testimony, or questions at trial regarding Warren Kubicek being referred to as "cowboy." Accordingly, that portion of the motion to exclude is granted.

Pacific Rail's motion also seeks to exclude any opinion testimony about Kubicek's skills as a crane operator from Pete Iacopelli, whom Pacific Rail refers to as a lay witness but does not further identify. CSX did not respond to Pacific Rail's request to bar opinion testimony by Iacopelli. As discussed above, opinion testimony based upon scientific, technical, or other

specialized knowledge may be offered only by expert witnesses. *See* Fed. R. Civ. P. 701, 702. However, even lay witnesses may offer opinion testimony as long as it is rationally based on their perceptions and not based on scientific, technical or other specialized knowledge. *See* Fed. R. Civ. P. 701. Pacific Rail has not identified the specific opinion testimony it seeks to exclude. As a result, the court cannot assess whether the testimony would be based on Iacopelli's observations as opposed to scientific, technical, or other specialized knowledge. Accordingly, at this juncture the court cannot conclude that the testimony would be inadmissible and, for that reason, the motion to exclude opinion testimony from Iacopelli is denied without prejudice.

***Motion to Exclude Testimony and Evidence of Cause of Death of Mark McGrath [104-1]***

Pacific Rail seeks to exclude (i) deposition testimony from Mark McGrath that Pacific Rail fired him for missing too much work after witnessing Kubicek's accident and that he continued to have flashbacks about the accident, and (ii) any evidence that McGrath ultimately committed suicide about three years after Kubicek's accident.

CSX agrees not to present evidence of McGrath's suicide, and so that portion of the motion in limine is granted. As for McGrath's testimony about his termination, Pacific Rail seeks to exclude the evidence for two reasons. First, it contends that the evidence would "only serve to play upon the jury's sympathy and provide an improper basis for decision." Motion (R.104-1) at 2. However, the parties have requested a bench trial and therefore concerns over playing upon the sympathy of jurors are misplaced.

Second, Pacific Rail contends that evidence of McGrath's termination is irrelevant. CSX responds that the evidence is potentially relevant to the credibility of McGrath's other deposition testimony. However, the parties have not presented the court with or described McGrath's other

deposition testimony. As a result, the court cannot determine whether the events surrounding McGrath's termination are potentially relevant to his credibility on the subject matter of his other deposition testimony. Accordingly, the motion to exclude is denied. The parties may raise the issue again if McGrath's deposition testimony is presented at trial.

***Motion to Exclude Testiomony of Kerry Hammar on Transverse Mode Driving [105-1]***

In this motion, Pacific Rail seeks to exclude notations made by Kerry Hammar on three work orders that crane operators should drive their cranes in the transverse mode under certain specified conditions. CSX does not object to the exclusion of those work orders. Accordingly, the motion to exclude evidence of or testimony about those work orders is granted.

***Motion to Bar Opinions of CSX Expert Witness Beldon Rich [106-1]***

Finally, Pacific Rail seeks to exclude the opinions of Beldon Rich, the expert witness hired by CSX. Pacific Rail argues that Rich's opinion should be excluded because (1) he has no expertise and (2) his opinions are unsupported and, in some cases, contradicted by the evidence upon which the opinions purport to be based. To be admissible, opinion testimony must (1) be based on sufficient facts or data, (2) must be the product of reliable principles and methods, and (3) the witness must have applied the principles and methods reliably to the facts of the case. *See* Fed. R. Evid. 702. Although testimony that does not meet the standards set out in Rule 702 is usually kept from the factfinder, it need not be excluded from a bench trial. *See In re Salem*, 465 F.3d 767, 777 (7th Cir. 2006) ("Thus, where the factfinder and the gatekeeper are the same, the court does not err in admitting the evidence subject to the ability later to exclude it or disregard it if it turns out not to meet the standard of reliability established by Rule 702.")

Accordingly, at this time the court denies the motion in limine to exclude the opinions of Beldon Rich. Pacific Rail may renew its objection at trial.

**CONCLUSION**

For the reasons stated, the court resolves the remaining motions in limine as follows: [99-1], [102-1], and [105-1] are granted; [106-1] is denied; [76-1] is granted in part and denied in part as follows: the motion to exclude evidence offered to show that Pacific Rail did not breach the parties' agreement is granted, while the court denies the motion to exclude evidence of damages as a result of Pacific Rail's breach, as well as the motion to exclude evidence that CSX must reimburse Pacific Rail for the defense costs Pacific Rail incurred on CSX's behalf in the state court wrongful death proceeding; [101-1] is granted as follows: witnesses except for expert witnesses and the parties' corporate representatives, are excluded from the courtroom until they have testified; [103-1] is granted in part and denied in part as follows: references to Kubicek as "cowboy" are excluded while the motion to exclude opinion testimony of Iacopelli is denied without prejudice; [104-1] is granted in part and denied in part as follows: evidence of McGrath's suicide is excluded while evidence of McGrath's termination is not excluded; and [100-1] is withdrawn.

ENTER:

DATE: May 21, 2009

Blanche M. Manning
United States District Judge